## THE DENVER AND RIO GRANDE RAILROAD COMPANY v. PRIEST.

1. NEGLIGENCE—BURDEN OF PROOF.
Where negligence is alleged as a basis of recovery, the burden of proof is upon the plaintiff.

2. SAME—RAILROAD ACCIDENTS.
Proof that an animal was killed by being struck by an engine is not proof that the collision and consequent injury was the result of negligence on part of the railroad company.

3. SAME.
Upon the facts stated in the opinion, this action against a railroad company for negligently killing live stock should have been nonsuited, or the verdict against the company should have been set aside.

*Appeal from the District Court of Fremont County.*

Messrs. WOLCOTT & VAILE and Mr. W. W. FIELD, for appellant.

Mr. JOSEPH H. MAUPIN, for appellee.

REED, P. J., delivered the opinion of the court.

The suit was brought to recover the value of two male asses, killed by the engine of appellant. The animals were killed in a gorge or cañon a short distance—a mile and a half or two miles up the river—above Cañon City. At that point the road is on the north side of the river. The track way was cut out of the mountain, which, for some distance, rises almost perpendicularly to a great height, forms a barrier on the north side, over which stock seldom, if ever, pass.

On the south side of the track the distance to the river was but a few feet, and was built up by the material blasted from the cliffs to make the roadbed. For some distance, commencing at a point below, there was a wire fence, which continued up to and by the point where the animals were

killed. At a point some distance below there was a fence of the same character on the north side, which continued up to the point from which the cliffs were considered impassable, and then connected with the face of the cliff.

At the lower end of the inclosed track there was a gate made and used for the convenience of others, but not used by appellant. The testimony shows that appellant's employés were required to keep the gate closed, which they did, observing it closely, and closing it when found open. On the night in question the gate had been left open. The asses, straying about, entered it, strayed up the track one half or three quarters of a mile, and at 1:30 in the morning were struck and both killed. In regard to the facts stated there is no controversy. Damages were laid at $400. A trial was had to a jury. At the close of plaintiff's testimony defendant moved for a nonsuit, which was denied and an exception taken. There was a verdict for plaintiff for $175, and judgment upon the verdict.

The contention of appellee was that the engineer should, under the circumstances, have seen them and stopped, and that a failure to do so was negligence for which appellant was responsible. The asses clearly had no business at the point where they were killed, and the negligence in leaving the gate open so as to allow an entry was not that of appellant.

Another suggestion may be pertinent: The roadway was supposed by the engineer to be enclosed and stock thought to be excluded, and seldom, if ever, found there. The engineer would not, nor would he ever be expected to, exercise the same vigilance in regard to stock as at points where their presence might be expected.

The only question of negligence was whether under the conditions and circumstances negligence could be predicated upon the fact of the killing. The train was running at ordinary speed, the road was crooked, and a curve occurred at the point where the killing was done. The gorge was dark from its narrowness and the overhanging cliffs. The only

light that would disclose the presence of the animals was the headlight of the engine.

The evidence of the different witnesses shows that under favorable circumstances and on a straight track objects the size of the asses could be seen from 300 to 450 feet. It was also shown that in going around a curve the light would be projected directly ahead of the engine and not upon the arc of the track. How far the efficiency of the light was affected by the curvature at the point is not shown. The train was about 450 feet long, and witnesses, supposed to have practical knowledge and experience, testified that the shortest practical distance in which a train could be stopped, running at that speed, would be the length of the train, 450 feet,—the utmost limit at which, under the most favorable circumstances, the headlight would show obstructions.

The evidence shows the train to have been stopped, but at what point with reference to the animals and whether as quickly as possible after they were killed is not shown.

All the authorities agree that where negligence is alleged as the basis of recovery, the onus of proof establishing the negligence is upon the plaintiff, and it, like any other substantive fact, must be clearly established. A jury cannot base a verdict upon conjecture and inference nor upon the theory that the bare fact of the killing is sufficient. Not only was there no proof of negligence, but the presumption was rebutted by the evidence and circumstances.

Proof of the killing of an animal by an engine is only the proof of the result from the collision, but to establish negligence it must be shown that the circumstances were such that the collision and consequent injury might have been avoided. See Thornton on Railroad Fences, etc., sec. 326, and the numerous authorities cited in note 1. That the burden of proof of negligence was upon the plaintiff, see Thornton, etc., sec. 325, and authorities cited in note 5; Shear. & Red. on Neg., sec. 13.

A careful examination of the instructions shows them full and unobjectionable. The verdict was against the evidence

and the instructions. The court should have granted a non-suit or set the verdict aside and granted a new trial. There was no proof of negligence warranting a verdict.

It is evident from the record that the jury disregarded the great preponderance of evidence and the instructions of the court. The verdict appears to have been the result of bias and prejudice, and based upon the single fact that the asses were killed by the engine of appellant.

The judgment will be reversed and the cause remanded.

*Reversed.*